UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
PORT HURON DIVISION

| | |
|---|---|
| LELAND FOSTER, an Individual, | ) |
| | ) Case No. 3:15-cv-14112 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Michigan Department of Natural Resources, dba LAKEPORT STATE PARK | ) Hon. |
| | ) Magistrate Judge |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, Leland Foster ("Foster"), sues Defendant, the Michigan Department of Natural Resources dba Lakeport State Park ("Lakeport State Park" or "the Defendant) as follows:

**JURISDICTION**

1. This is an action for declaratory, injunctive and compensatory relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, *et seq.* ("ADA"), and its implementing regulation, 28 C.F.R. Part 35, as well as § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.* ("Rehabilitation Act").

2. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. This action is within the jurisdiction of the Court as:

   A. Lakeport State Park is located in Lakeport, St. Clair County, Michigan, and it is managed and operated by the Michigan Department of Natural Resources as a state park, which is operated by the State of Michigan, as headquartered in Lansing, Michigan, with approximately 250 campsites divided between two separate campgrounds, a public beach, picnic and pavilion areas, which are comprised of

over 500 acres.  The Michigan Department of Natural Resources is the owner, lessor, tenant and/or operator of the real property that is the subject of this cause of action in Lakeport, Michigan.  The Michigan Department of Natural Resources is an employer of 50 or more individuals.

B.  Plaintiff, LELAND FOSTER  ("Plaintiff" or "Mr. Foster"), is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.  Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b):

A.  The events giving rise to this claim occurred in this Judicial District;

B.  The real property which is the subject of this action may be found in this Judicial District.

**BACKGROUND**

5.  A qualified individual with a disability shall not be excluded from participation in or be denied the benefits, services, programs, or activities of a public entity, and no qualified individual with a disability shall face discrimination by any public entity on account of its facilities being inaccessible or unusable by such person. 28 C.F.R. 35.149.  Plaintiff Foster, a qualified individual with a disability, has visited the Defendant's facilities at the park and its facilities and amenities. At this facility, Plaintiff Foster experienced discrimination, ADA violations and/or barriers to

access relative to such areas as its parking, path of travel, access throughout the interior and exterior of the premises, restrooms, seating and other services offered to the public.

6. Upon information and belief, Defendant is a public entity, being owned or operated by the State of Michigan.[1]

7. Upon information and belief, Defendant is a recipient of federal funds.

8. Foster resides in Ohio but travels frequently throughout Michigan and the geographical region in order to participate in various sporting and recreational activities, and he intends to return as a customer and/or visitor to Lakeport State Park. Foster has purchased and possesses a Michigan DNR Recreation Passport for his frequent use of Michigan State Parks and has possessed one for each of the last several years.

9. Foster has experienced discrimination based upon his disability and encountered numerous serious architectural barriers to access in violation of the ADA and Rehabilitation Act, including but not limited to:

    A. Foster has been discriminated against because he has been denied full and complete entry to the Defendant's park's amenities due to its barriers of entry, paths of travel and/or accessibility;

    B. Foster has been discriminated against as a result of the inability to adequately enter any or make use of the publicly available restroom facilities at the Lakeport State Park due to barriers to access;

    C. Foster has been discriminated against as a result if the inability to use features

---

[1] Michigan Department of Natural Resources, by and through the State of Michigan, is a public entity, which owns, leases and/or operates the Facilities, which are places of public accommodation. Title II of the ADA controls public entities, and Title III of the ADA controls places of private public accommodations.

available to the public;

E. Foster has been discriminated against because Lakeport State Park does not provide compliant accessible parking at its facilities, including but not limited to, provision of access aisles or van accessibility throughout its parking areas.

## COUNT 1 – VIOLATION OF THE ADA

Paragraphs 1 - 9 are re-alleged and incorporated as if fully set forth herein.

10. Lakeport State Park has discriminated and continues to discriminate against Foster – and other qualified individuals with disabilities — by excluding them from participating in or denying them the benefits, services, programs or activities of the public entity, due to Defendant's failure to remove architectural barriers, which is required by Title II of the ADA. Defendant's facilities are inaccessible to disabled persons, and demonstrate violations of the ADA in the following ways:

    A. Non-compliant parking;

        1.) There are designated accessible parking spaces located on ground surfaces that are not firm, stable and slip resistant;

        2) There are designated accessible parking spaces without signage;

        3) There are designated accessible parking spaces without access aisles;

        4) There are no designated accessible van parking spaces;

    B. Non-compliant signage for accessibility;

        1) Throughout the park restrooms are not marked with signage designating them accessible;

        2) Signage is not mounted where required throughout the park;

        3) Signage does not have tactile braille;

    C. Non-compliant routes to and from the Defendant's facilities and/or amenities throughout the park;

        1) There are excessive slopes on accessible routes;

        2) There are cracks and changes in level in excess of 1/2 inch on the accessible routes throughout the park;

        3) There is no accessible route connecting all park amenities;

    D. Non-compliant paths of travel within the Defendant's facilities and/or amenities;

        1) There are accessible routes to grills, gazebos, picnic tables, play surfaces and other features that are not firm, stable and slip resistant;

    E. Non-compliant public restrooms;

        1) There are accessible toilet compartments without the requisite clear floor space;

        2) There are accessible toilet compartments with non-compliant grab bars;

        3) There are lavatories with exposed water supply and drain pipes not insulated to protect for contact;

        4) There are toilet compartments that do not have compliant door hardware;

        5) There is insufficient maneuvering clearance at doorways to enter restroom facilities and also at some accessible toilet compartments;

        6) There are baby changing units that impair toilet compartment clear floor space;

    F. Non-compliant campground facilities.

        1) There are public campground facilities that are not fitted with accessible

features;

G. The above are violations of the ADA whose remedy is required to achieve the mandate of program access.

11. On information and belief, Defendant has violated other miscellaneous and important technical requirements of the ADA and regulations promulgated pursuant thereto. For example, upon information and belief, Lakeport State Park lacks a compliant Transition Plan, which is required for any public entity of more than 50 employees. 28 CFR § 35.150(d)(1).

12. On information and belief, many readily-achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to comply with the ADA. Accordingly, Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and he has otherwise been discriminated against and damaged by Defendant, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. This Court has the authority to grant the Plaintiff's request for injunctive relief under the ADA, including an order to alter the Facilities to make them readily accessible to and usable by disabled persons, to modify a policy, to require inspection of the Facilities, and to close any part of the Facilities under the requisite modifications are completed. 28 C.F.R. 36.501.

14. The Plaintiff's counsel is entitled to recover those attorneys' fees, experts' fees, costs

and expenses incurred for this cause of action from Defendant. 42 U.S.C. § 12205.

15. Compensatory damages and other relief are also available to the Plaintiff. 42 U.S.C. § 12133.

WHEREFORE, the Plaintiff demands judgment against Lakeport State Park and requests that the Court enter an Order:

    A. Declaring that the property owned and administered by Defendant and the policies, procedures and services provided by the same are discriminatory and violate the ADA;

    B. Requiring Lakeport State Park to alter the Facilities and remove all barriers to equal participation in the Facilities' benefits, services, programs or activities; and to make them accessible to and usable by individuals with disabilities to the full extent required by Title II of the ADA;

    C. Directing Lakeport State Park to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time to allow it to undertake and complete corrective procedures;

    D. Mandating that Lakeport State Park undertake the required self-evaluation and create a Transition Plan that shall be available to the public and indicate the official responsible for the implementation of such a plan. At a minimum, the Transition Plan will identify obstacles in the Facilities that limit accessibility of its programs or activities; describe methods to be used to make the Facilities accessible; and provide a schedule for achieving compliance with the Transition Plan and with the ADA;

    E. Mandating Lakeport State Park to expeditiously make all reasonable and appropriate modifications in their policies, practices and procedures, provide effective signage, remove all architectural and communication barriers that are readily achievable, and for barriers

that are not readily achievable, that alternative means of access be provided; and to take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated, discriminated, or otherwise treated differently or without accommodations;

      F.  Awarding reasonable attorneys' fees, costs (including expert's fees) and other expenses of suit to the Plaintiff; and

      G.  Awarding compensatory damages and such other relief that the Court deems proper to the Plaintiff.

## COUNT II – VIOLATION OF THE REHABILITATION ACT

Paragraphs 1-15 are re-alleged and incorporated as if fully set forth herein.

16.  Defendant receives federal monies, which makes it subject to § 504 of the Rehabilitation Act.

17.  Lakeport State Park has denied and continues to deny Foster – and others who have qualifying disabilities – equal access to the benefits of participation in its services, programs and activities, by not providing the disabled with the same meaningful choices regarding self-sufficiency.  Specifically, Lakeport State Park has violated the Rehabilitation Act throughout its park and facilities including but not limited to:

      A.  Non-compliant parking;

      B.  Non-compliant signage;

      C.  Non-compliant routes to and from the Facilities;

      D.  Non-compliant paths of travel within the Facilities;

      E.  Non-compliant public bathrooms;

      F.  Non-compliant campground facilities;

18. The Plaintiff has been damaged by Lakeport State Park's refusal to remove barriers to equal access and enjoyment by disabled persons, which has the purpose and effect of discriminating against the Plaintiff and other similarly situated persons solely because of their disabilities.

19. The Court has the authority to grant the Plaintiff's request for injunctive relief under the Rehabilitation Act, including an order to alter the Facilities to make them readily-accessible to and usable by disabled persons, to modify a policy, to require inspection of the Facilities, and to close any part of the Facilities until the requisite modifications are completed.  28 C.F.R. 36.501.

20. The Plaintiff's counsel is entitled to recover those attorneys' fees, experts' fees, costs and expenses incurred for this cause of action from BGSU.  42 U.S.C. § 12205.

21. Compensatory damages and other relief are available to the Plaintiff.  29 U.S.C. § 794a(a)(2).

WHEREFORE, the Plaintiff demands judgment against Lakeport State Park and requests that the Court enter an Order:

    A.  Declaring that the Lakeport State Park, administered by the State of Michigan and the policies, procedures and services provided by Lakeport State Park are discriminatory and violate the Rehabilitation Act;

    B.  Requiring the State of Michigan to alter the Facilities at the Lakeport State Park and remove all barriers to equal participation in the Facilities' benefits, services, programs or activities; and to make them accessible to and usable by individuals with disabilities to the full extent required by the Rehabilitation Act;

    C.  Directing Lakeport State Park to evaluate and neutralize its policies, practices, and procedures toward persons with disabilities, for such reasonable time to allow Lakeport State

Park to undertake and complete corrective procedures;

        D.  Mandating Lakeport State Park to expeditiously make all reasonable and appropriate modifications in their policies, practices and procedures, provide effective signage, remove all architectural and communication barriers that are not readily-achievable, that alternative means be provided; and to take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated, discriminated, or otherwise treated differently or without accommodations;

        F.  Awarding reasonable attorney's fees, costs (including expert's fees) and other expenses of suit to the Plaintiff; and

        G.  Awarding compensatory damages and such other relief that the Court deems proper to the Plaintiff.

        Respectfully submitted,

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. p66315
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

/s/ Matthew B. Bryant
Matthew B. Bryant*
BRYANT LEGAL, LLC
6600 W. Sylvania Ave., Suite 260
Sylvania, OH 43560
Phone: (419) 340-3883
Email: mbryant@bryantlegalllc.com
*Admitted to practice in the Eastern District of Michigan

Dated:  November 23, 2015